**CIRCUIT COURT OF HENRICO COUNTY**

Commonwealth of Virginia

v.

Leroy Smith, Jr.

May 18, 1983

Case Nos. 83F31, 83M52, 83M53

BY JUDGE E. BALLARD BAKER

On May 4, 1983, this Court heard evidence in these three cases, all alleging offenses of December 14, 1982.

Case 83F31 charges the defendant with credit card theft, the indictment reciting that the defendant did "take, obtain, or withhold five credit cards . . . ." These cards were alleged to be J. C. Penney, Thalhimers, Miller and Rhoads, Sears, and LaVogue, all belonging to Mrs. Lacy E. Martin, Sr. Section 18.2-192 is cited on the indictment.

Case 83M52 charges the defendant with credit card fraud, the warrant reciting that the defendant "obtained or retained . . ." a Thalhimer credit card of Mrs. Lacy E. Martin, Sr., to obtain assorted men's wear valued at less than $200. The warrant refers to § 18.2–195.

Case 83M53 charges the defendant with credit card fraud, the warrant reciting that the defendant "obtained or retained . . ." a Miller and Rhoads credit card of Mrs. Lacy E. Martin, Sr., to obtain a gold chain valued at less than $200. The warrant refers to § 18.2–195.

After hearing the evidence, the Court expressed the view that the evidence was sufficient for a finding of guilty in each case but deferred any finding pending consideration of defendant's plea of double jeopardy.

The Double Jeopardy Clause of the U. S. Constitution affords protection in three situations: (1) It protects against a second prosecution for the same offense after acquittal; (2) it protects against a

second prosecution for the same offense after conviction; (3) it protects against multiple punishments for the same offense. *Fitzgerald v. Commonwealth*, 223 Va. 615, 634 (1982).

In resolving issues raising double jeopardy claims, the test of *Blockburger v. U.S.*, 284 U.S. 299 (1932), has been applied in cases where a defendant has been convicted in a single trial of several offenses arising out of the same transaction. But where the General Assembly has "clearly indicated its intent to impose multiple punishments," it is not necessary to apply *Blockburger. Turner v. Commonwealth*, 221 Va. 513, 530 (1980). This same view was expressed in *Whalen v. United States*, 445 U.S. 684, 100 S. Ct. 1432, 1437–38 (1980), where the Supreme Court held that Congress had not given clear intent that the offenses involved in *Whalen* should be separately punished.

Applying *Blockburger* to these cases, it must be readily apparent that the credit card theft of the J. C. Penney, Thalhimers, Miller and Rhoads, Sears, and LaVogue cards, in 83F31 is not the same offense as the use of the Thalhimers card in 83M52, or the use of the Miller and Rhoads card in Case 83M53 to obtain merchandise.

If the theft charge involved only the Thalhimers and Miller and Rhoads cards, then perhaps further consideration of the application of *Blockburger* would be necessary, or the question of legislative intent would have to be considered.

As these three charges do not involve the same offense, as each clearly requires proof of at least one fact that the others do not, the defendant's reliance on double jeopardy collapses.